IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**TRAVIS RENARD KIDD, JR.**                                                              **PLAINTIFF**

v.                              Case No. 4:11-cv-792-KGB

**PAUL MITCHELL, ET AL.**                                                               **DEFENDANTS**

**ORDER**

Before the Court is defendants' second motion to compel and incorporated motion for continuance (Dkt. No. 28). Plaintiff Travis Renard Kidd, Jr. has not responded to the motion. For the reasons set out below, defendants' second motion to compel is granted in part and denied in part (Dkt. No. 28).

In regard to the request for a continuance incorporated into the second motion to compel, the Court, by prior Order dated November 20, 2012 (Dkt. No. 33), granted defendants' motion for continuance of trial and all deadlines (Dkt. Nos. 28 and 31).

In regard to discovery matters, this is defendants' second motion to compel. By prior Order dated August 21, 2012, this Court granted defendants' motion to compel and directed Mr. Kidd to answer defendants' outstanding discovery requests and provide his responses to defendants' counsel within 30 days (Dkt. No. 27). In their second motion to compel, defendants inform the Court that Mr. Kidd provided answers to defendants' first set of interrogatories and requests for production on August 20, 2012, prior to the Court ruling on the then-pending first motion to compel. On September 18, 2012, defendants' counsel sent a letter to Mr. Kidd asking him to supplement certain deficiencies in his initial discovery responses. Based on the parties' submissions, Mr. Kidd did not respond to the September 18, 2012 letter, nor did he respond to the second motion to compel.

In regard to the specific requests addressed in defendants' second motion to compel, the Court hereby directs Mr. Kidd to take certain actions to supplement his initial responses to these requests.  Mr. Kidd has 60 days from the entry of this Order to comply with this Court's Order.

Mr. Kidd is directed to provide his date of birth to defendants in response to Interrogatory No. 1.

Mr. Kidd is directed to respond to Interrogatory No. 2 by providing the last known addresses for his previous employers.

Mr. Kidd is directed to respond to Request for Production No. 1 by providing the executed release of employment information referenced in his response.  That release appears at Dkt. No. 25-1.

In regard to Interrogatory No. 3, Request for Production No. 2, and Request for Production No. 3, these requests ask Mr. Kidd to identify all health care providers, including hospitals, who have examined or treated him for the last 10 years; produce all bills, receipts, and other written documents "relating to the damages information requested"; and execute a medical authorization.  The Court directs that, unless Mr. Kidd sought treatment for the emotional distress he contends he suffered as a result of defendants' conduct, he need not respond further to these requests.  The Court notes that Mr. Kidd provided basic information in response to certain portions of Interrogatory No. 3.  If he contends he did seek medical treatment for the emotional distress he claims here, the Court directs Mr. Kidd to identify the health care providers from whom he sought treatment for the emotional distress he contends he suffered as a result of defendants' conduct, to produce bills or other documents related to that treatment, and to execute a medical authorization for only those providers he contends rendered medical retreatment for the emotional distress he claims here.  Defendants may move the Court for additional discovery

on this point, if defendants believe additional discovery beyond what the Court hereby orders is warranted.

In regard to Request for Production No. 4, Mr. Kidd is directed to produce the tax returns in his possession referenced in his response. Defendants may serve an additional request on Mr. Kidd directing that he execute a release to permit defendants to obtain his income tax returns, as Mr. Kidd in his response to this Request for Production gave that permission to defendants.

Mr. Kidd is directed to produce the items and documents he has in his possession responsive to Request for Production No. 6.

Mr. Kidd is directed to produce the items and documents he has in his possession responsive to Request for Production No. 7.

Mr. Kidd is directed to produce the items and documents he has in his possession responsive to Request for Production No. 8.

Mr. Kidd is directed to produce the items and documents he has in his possession responsive to Request for Production No. 10

The Court directs that Mr. Kidd does not need to respond further to Interrogatory No. 11 at this time. In regard to Request for Production No. 4, he is directed to produce the income tax returns he has in his possession and has given defendants permission to obtain copies of his income tax returns for the past five years.

Mr. Kidd is directed to respond to Interrogatory No. 12.

Mr. Kidd is directed to produce the items and documents he has in his possession responsive to Request for Production No. 11.

Mr. Kidd is directed to produce the items and documents he has in his possession responsive to Request for Production No. 12.

Mr. Kidd is directed to produce the items and documents he has in his possession responsive to Request for Production No. 13.

Mr. Kidd is directed to respond to Interrogatories No. 16 to 22 and to Requests for Production No. 14 to 18.

Mr. Kidd has 60 days from the entry of this Order to comply with this Court's Order and supplement his initial discovery responses identified in this Order.

Mr. Kidd is again given notice that, pursuant to Local Rule 5.5(c)(2) of the United States District Court for the Eastern and Western Districts of Arkansas, *pro se* litigants are required to monitor the progress of their case, to prosecute or defend the action diligently, and to respond to any communication from the Court within 30 days or their case could be dismissed without prejudice.

SO ORDERED this the 12th day of December, 2012.

_____
Kristine G. Baker
United States District Judge